IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JALEN GREEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.:  1:16-CV-1047-VEH** |
| | ) | |
| JACKSONVILLE STATE | ) | |
| UNIVERSITY et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Jalen Green ("Mr. Green") initiated this job discrimination case on

June 28, 2016, against Jacksonville State University ("JSU") and several individual

defendants. (Doc. 1). Pending before the court are:

- Defendants' Motion and Incorporated Brief in Support of Motion To Stay (Doc. 39) (the "Initial Stay Motion");

- Plaintiff's Emergency Motion for Order To Compel Initial Disclosures Pursuant to the Parties' Agreement in Rule 26(f) Report and Request for Sanctions and Attorneys' Fees (Doc. 40) (the "Compel Motion"); and

- Defendants' Motion To Dismiss and/or for Summary Judgment and Renewed Request for a Stay of Discovery (Doc. 43) (the "Rule 12/Rule 56 Motion" and the "Renewed Stay Motion").

The court has preliminarily reviewed these motions and finds several issues that

require immediate attention starting with Defendants' Rule 12/Rule 56 Motion.

## Defendants' Rule 12/Rule 56 Motion

On November 10, 2016, Plaintiff filed a notice stipulating to the dismissal of the State of Alabama from her amended complaint.[1] (Doc. 31). On November 15, 2016, the court acknowledged the dismissal of the State of Alabama from Plaintiff's amended complaint because "Plaintiff's counsel mistakenly included Alabama as a named defendant within the case caption of the amended complaint (Doc. 31 at 1 n.1) . . . ." (Doc. 35 at 1). In this same order, the court further made it clear that "Plaintiff's case remains pending against all other Defendants that are included in the amended complaint." (Doc. 35 at 2).

Defendants now boldly assert in their brief in support of their Rule 12/Rule 56 Motion that "[b]ecause Plaintiff stipulated to the dismissal of the State of Alabama as a party-defendant and JSU is part of the State, Plaintiff's self-effecting stipulation should equally apply to the claims asserted by Plaintiff against JSU." (Doc. 44 at 34).[2] Defendants offer no case authority why the self-effecting stipulation of the State of Alabama should operate as a dismissal of JSU, especially in light of the court's unambiguous language contained in its order of dismissal to the contrary. Regardless,

---

[1] The State of Alabama was not included in the original complaint and never was served with a summons.

[2] All page references to Doc. 44 correspond with the court's CM/ECF page numbering system.

to the extent that it does, the stipulation and the order provided a dismissal <u>without</u>

<u>prejudice</u>, which means Plaintiff has the unfettered right to seek reinstatement of JSU

as an active party. Therefore, the JSU portion of Defendants' Rule 12/Rule 56 Motion

is **DENIED** as undeveloped and unpersuasive <u>and JSU remains a party in this action</u>.

The remainder of Defendants' Rule 12/Rule 56 Motion is confusingly

presented and procedurally deficient in several respects. To the extent Defendants

purportedly seek a dismissal under Rule 12, they have attached an affidavit of Dr.

Timothy King (Doc. 44-1 at 2-4), versions of the JSU Handbook (Doc. 44-1 at 6-23,

25-56), and the JSU Manual of Policies and Procedures (Doc. 44-1 at 58-60) as

evidence for the court to consider in support of their motion. They also have directed

the court's attention to previously filed affidavits (*see* Doc. 44 at 14 referencing

(Docs. 15-1, 15-2, 15-3)) to show that certain of the individual defendants were

acting within the scope of their discretionary authority in support of their qualified

immunity defense.

Rule 12(d) makes it clear that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, <u>the motion must be treated as one for summary judgment under Rule 56</u>. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d) (emphasis added). Defendants have not mentioned Rule 12(d)

in their brief, much less clarified to the court whether they believe their motion must

be converted and decided on a Rule 56 basis.

Moreover, to the extent Defendants purportedly seek a dismissal under Rule

56 (through a Rule 12(d) conversion or otherwise), they have not complied with

Appendix II of the court's uniform initial order (Doc. 2) that governs the filing of all

Rule 56 motions before the undersigned.[3] Instead, they appear to have followed

Appendix III which applies to motions to dismiss. Therefore due to these procedural

infirmities, the remainder of Defendants' Rule 12/Rule 56 Motion is **DENIED**

**WITHOUT PREJUDICE** to refiling a new defensive motion that avoids these

pitfalls and fully complies with the court's uniform initial order.[4]

## The Remaining Motions

As for the parties' remaining motions, the Initial Stay Motion is **GRANTED**

as to the individual defendants who the court anticipates will be reasserting immunity

defenses by way of a procedurally compliant motion that seeks their full dismissal,

---

[3] Defendants also have not set forth the Rule 56 standard.

[4] In refiling, Defendants also must not rely upon overruled legal authority and incorrectly represent that such precedent is still binding on this court. (*See, e.g.*, Doc. 44 at 24 (citing *GJR Investments, Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1362 (11th Cir. 1998) for the proposition that a heightened pleading standard applies in cases involving qualified immunity), *overruled as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) ("While *Swann*, *GJR*, and *Danley* reaffirm application of a heightened pleading standard for § 1983 cases involving defendants able to assert qualified immunity, we agree with Randall that those cases were effectively overturned by the *Iqbal* court.") (emphasis added)).

but **DENIED** as to JSU.[5] Further, Plaintiff's Compel Motion is **GRANTED** in that

JSU is **ORDERED** to provide initial disclosures to Plaintiff no later than December

26, 2016. Otherwise Plaintiff's Compel Motion is **DENIED**. Defendants' Renewed

Stay Motion is **TERMED** as **MOOT** because it is duplicative of their Initial Stay

Motion. Finally, the deadline for all Defendants to file any new defensive motion(s)

is no later than January 6, 2017.

 **DONE** and **ORDERED** this the 14th day of December, 2016.

 _____
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge

---

 [5] The court acknowledges that, in their supporting brief, Defendants have argued that
Plaintiff's Title VI harassment claim against JSU should be dismissed for failure to state a claim.
(Doc. 44 at 34). Defendants may raise the dismissal of this particular claim again. However, this is
not Plaintiff's only claim asserted against JSU and Defendants have not explained why a total stay
of discovery (including providing initial disclosures) for JSU is appropriate under such
circumstances.